Ford, J.
This was an action of trespass for taking a quasi *251 fftyofship plank and three sawing gins out of the possession of the plaintiffs, which they claimed under a hill of sale from Robert Irwin and Co. dated the 6tb of December 182». The defendant set up a prior right under a judgment and execution against She same Robert Irwin and Co. of the Sth of December 1825, which was one day older than the aforesaid bill of sale. On an ’inspection of the record, it appeared that the judgment had been entered on confession of Robert Erwin in the absence of his partners, to an action of Providence L, Sheppard and Richard ,Tt. Wood, instituted before a justice without process, on the 5th of December, and thataa execution was issued and returned, levied on the property in question the same day. An affidavit of Richard L>. Wood, accompanied the proceedings in the following words- — “ that the judgment which Robert Irwin hath, for ;rcd in behalf of the firm of Robert Irwin and Co. this day confessed for $40.20, is justly owing from said firm of Robert Irwin, aad Co. to Providence L¿. Sheppard and Richard I;. Wood, aad that the same is not done to cover property or defraud creditors.” The judge at the circuit eonJ.dere.d this affidavit not to he such as the siahn , ui ¿3th of January 1817 required to bo made, for which reason the judgment and execution were not-allowed to he given in evidence. The right set up by the defendant consequently failed j but as there was evidently a claim and color of title under which the defendant acted, the judge di reeled no more than the strict value of the property to be given as damages; and under this charge the jury found a verdict of $180 for the plaintiffs. The defendant moves to set aside this verdict and grant a new trial on three grounds.
First, because the above judgment is not void but only voidable ; it remains valid until it shall be reversed, and therefore ought not to have been overruled. The act is entitled “ an act to prevent the fraudulent confession of judgments.” It enacts that when parties agree without process, to enter an action before a justice of the peace, no judgment by confession shall he entered without an affidavit of the plaintiff; his attorney or agent, of the true cause of action, setting forth that the debt is bona fide and justly duo and owing to the person or persons to whom the judgment is to be confessed, and that the said judgment is not confessed to answer any fraudulent purpose, or to protect the pro perty of the defendant from his creditors. Now this affidavit ok - *252 viously falls short of what the statute .requires. In the first place Si does not state the cause of action; the inference from which is, .there was none or the plaintiff would have set it out in compliance with the act; the court certainly cannot presume a cause of action where none appears. Secondly, it does not assert that the debt is Iona fide, nor that any debt in fact exists; it says the judgment justly owing which must always be the case after confession, whether there was a real debt or only an allowed pretence. Thirdly, it entirely omits the important clause that the judgment is not confessed to answer any fraudulent purpose. Fourthly, it says the judgment is n;ot confessed to cover property, yet an execution in pursuance of it is spread over the property the same day, and in a few hours afterward jbe same property is sold to ionafide purchasers who had no notice of the proceeding. Now an affidavit not according to the act is the same thing as no affidavit; in which Case the law lias been heretofore fully settled in this court. In 1 South. 161, Parker v. Griggs, a judgment being confessed without process or affidavit, the court held it,to be void, declaring that the justice had no power to act. There was a similar case in 2 South. 479, of Oliver v. Applegate, where two judges considered the judgment so void that an execution in pursuance of it would be no justification to an officer for executing it. The Chief Justice did not go the full length of this opinion ; but he held that the judgment being entered without the affidavit prescribed by the act to prevent fraudulent judgments, it-must be considered fraudulent. Now whether it is void as the majority decided, or fraudulent in law as the other supposed, the result is the same, for in neither case could it be given in evidence. It is true, that this law has been since modified, by a subsequent one of the 12th of February 1818, (Rev. Laws 634, sec. 18) whereby such judgment is made binding on “ the parties in the suit,” but that it shall .not operate nor have any effect against persons “ not' parties in said action.” Now there was no way to bar its operation against these plaintiffs, who were not parties in that suit, but by rejecting it as any evidence against them. The defendant’s counsel argued from its being valid against the parties, that it must be equally so against those claiming under them; whereas one great object of the act was to protect purchasers, who are in fact creditors, against fraudulent judgments; an object that would be signally *253 jeteaied by allowing them operation ami eífeeí against bona fide purchasers without notice as in this case.
Secondly — Supposing the judgment and execution were inadmissible evidence of title, they ought to have been received, it is said, in mitigation of damages, as shewing that the defendant did jaot act maliciously or wantonly, or from purposes of wrong or oppression, but under a claim of title and an honest impression of right. But to admit the evidence even in this view, would have allowed the judgment to have some operation and effect, contrary to the express words of the statute, which declares they shall have none. Neither was there the least necessity for it 5 the production and rejection of the judgment and execution concurred with all the evidence in the cause, to shew that the defendant acted under a claim of right, and that there was no ground for giving exemplary or vindictive damages. The defendant had a right to have his claim tried ; the court therefore directed the jury to make the fair value of the property the measure of damages. If the evidence had been received in mitigation, it ought to have had no effect beyond what the court gave in charge. Thus without contravening the statute, the defendant had all the benefit of mitigation to which he was entitled. But, it is objected that the jury acted contrary to this charge; that their verdict gives a sum nearly double the value of the property. The calculation to make this probable, is however liable to much objection ; it is founded on the testimony of but a single witness, himself the agent of the defendant; one who did not measure the timber himself, so as to swear to the quantity, not did he examine the quality carefully, till a considerable time after the removal, during which time the tmsoundness had been in progression 5 he did not see either the quantity or quality at the time of seizure; whereas the clerk of the plaintiff’s wharf and business, corroborated by a number of other witnesses, some of whom had been employed in hauling the timber together, and others in piling it stick by stick, made estimations under oath, so widely different from the other, that there is as good reason to fear the jury went below the true value as above it.
The third and last ground offered for a new trial is the discovery of new and important evidence, not known to the defendant at the former trial, nor then in his power. The witness referred to is Robert Irwin, the person who confessed the judg *254 menf, who afterwards made the bill of sale, who invented the whole fraud, who remained on the spot till within a month of tr'a*’ aiK* ^en a^SC0I1ded. It was certainly a gross neglect of the defendant not to inquire the circumstances of the case from this man, who obviously knew all about them, till after the trial was over. The party not only might but ought to have known of his evidence, and to have taken his deposition or put off the trial to procure his attendance. In the case of Deacon v. Allen, 1 South. 343, the court said, that if a party has carelessly permitted himself to remain ignorant of the best means for his defence, this court will not set aside a verdict to save him from the effects of his own indolence. This Robert Irwin is to swear, as is said, that he told the plaintiffs'there was an execution levied on the property before be gave'them the bill of sale. The evidence of it is that a'Mr. Harman swears he has heard Irwin my so. Facts newly discovered ought to be laid before the court in the shape of legal evidence and not hearsay. Many men say things which they dare not confirm under oath. We ought to have more substantial ground for setting aside a verdict than a hearsay. I do not know a case where it was ever allowed, hut there are many to the contrary. In Coppin’s case, (cited 3 Morg. Daw Essays. 4,) a cause came on at seven o’clock in the morning, and an old witness could not be there time enough; the-court refused a new trial unless he would make affidavit of what fee knew. In George v. Price, 7 Mod. 31, it was sworn, that one ef the witnesses said, since the trial, that he got a guinea to stifle the truth ;^the court said an affidavit of him who got the guinea were something, but his saying is nothing. In Aylett v. Jewell, 2 Bl. Rep. 1299, a new trial was moved for on an affidavit that one of the jurymen bad confessed a great irregularity in the conduct of the jury; but there being no affidavit of the juryman who knew the fact, the court said it was too dangerous to call a verdict in question upon so loose a suggestion. In 4 Johns. 485, the affidavit stated what a person told the party he would say; the court said, there can be no reliance on such declarations. On the whole I perceive no legal ground for a new trial, and there» fore let the rule be discharged.
The Chief1 Justice concurred,
Dba-ke, J.
The .affidavit filed is this action is clearly defes *255 ■dvr, inasmuch as it does not state the cause of action. And, although I am not satisfied that the operation of a judgment entered by confession without affidavit, or upon a defective one, should be confined to the immediate parties to it, and that it cannot under any circumstances be used against third persons 5 and doubt the propriety of rejecting the evidence overruled in this canse; yet, as it afterwards appeared satisfactorily that the plaintiffs were bona fide purchasers, and therefore ought not to have been affected by the said evidence if it had been admitted, 1 concur with ray brethren in refusing a new trial.
Judgment on site posies*.